Richard D. McCune, State Bar No. 132124
rdm@mccunewright.com
David C. Wright, State Bar No. 177468
dcw@mccunewright.com
**MCCUNE WRIGHT AREVALO LLP**
3281 Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Joseph G. Sauder*
jgs@sstriallawyers.com
Matthew D. Schelkopf
mds@sstriallawyers.com
Joseph B. Kenney
jbk@sstriallawyers.com
**SAUDER SCHELKOPF LLC**
555 Lancaster Avenue
Berwyn, Pennsylvania 19312
Telephone: (610) 200-0580
Facsimile:   (610) 727-4360

*Pro Hac Vice Applications to be Submitted*
*Counsel for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SKIATHITIS, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NYKO TECHNOLOGIES, INC., <br><br> Defendants. | Case No.: 2:18-cv-3584 <br><br> **CLASS ACTION COMPLAINT** <br><br> 1. Violation of the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750) <br> 2. Violation of California Unfair Competition Laws (Cal. Bus. & Prof. Code § 17200) <br> 3. Violation of California False Advertising Law (Cal. Bus. & Prof. Code § 17500) <br> 4. Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204 <br> 5. Common Law Fraud <br> 6. Negligent Misrepresentation <br> 7. Unjust Enrichment <br> 8. Breach of Express Warranty <br> 9. Breach of Implied Warranty <br> 10. Breach of Written Warranty Under the |

1

)   Magnuson-Moss Warranty Act (15
)   U.S.C. § 2301, *et seq.*)
)   11. Violation of the Song-Beverly Consumer
)       Warranty Act (Cal. Civ. Code § 1790)
)
)   **DEMAND FOR JURY TRIAL**
)

Plaintiff Michael Skiathitis, individually, and on behalf of all others similarly situated, by and through counsel, brings this action against Nyko Technologies, Inc. ("Nyko"). Plaintiff's allegations herein are based upon personal knowledge and belief as to his own acts and upon the investigation of his counsel and information and belief as to all other matters.

## INTRODUCTION

1.      Plaintiff brings this action, individually and on behalf of a class of similarly situated owners of Portable Docking Kits for Nintendo Switch that were manufactured by or for Nyko and/or distributed by or on behalf of Nyko. This action arises from Nyko's concealment of a material manufacturing defect that ultimately causes one or more of the following problems to Nintendo Switch game console devices when consumers attempt to connect them to TVs and charge them using Nyko's Portable Docking Kits: (1) damage to the Nintendo Switch game consoles; (2) game consoles that permanently stop recharging; (3) game consoles that get stuck in a boot loop; and/or (4) game consoles that go blank and are bricked completely (collectively, these problems are referred to herein as the "Docking Kit Defect").

2.      Nyko has long been aware of the defective nature and problems associated with its various charging and docking systems generally, including among others: (1) the Nyko Intercooler 360 for the Microsoft Xbox 360 which drew the necessary power from the console to power the whole unit, leading to hardware failure and/or a burnt unit[1]; (2) a lawsuit for

//

---

[1] https://www.engadget.com/2006/10/27/nyko-intercooler-scorches-xbox-360-consoles/ (last visited April 16, 2018). Nyko has since produced a new form of Intercooler to address these issues. https://en.wikipedia.org/wiki/Nyko#cite_note-9 (last visited April 16, 2018).

defective cooling system for computer gaming and entertainment console[2]; and (3) the Nyko Kama Nunchuck controller for the Nintendo Wii which "wholly appropriate[d] the novel shape, design, overall appearance and even the color and materials used in the Nintendo Nunchuk controller."[3] In addition, publicly-available information shows many on-line complaints against Nyko's Portable Docking Kits for Nintendo Switch in particular.

3.      Yet, notwithstanding its longstanding knowledge of its manufacturing defects, Nyko routinely has refused to repair the Docking Kit Defect and/or damage to the Nintendo Switch gaming consoles they support without charge when the defect manifests.

4.      Many owners of Nyko's Portable Docking Kits for Nintendo Switch have communicated with Nyko's employees and agents to request that Nyko remedy and/or address the Docking Kit Defect and/or resultant damage at no expense. Nyko has failed and/or refused to do so.

5.      As a result of Nyko's unfair, deceptive, and/or fraudulent business practices, owners of its Portable Docking Kits for Nintendo Switch, including Plaintiff, have suffered an ascertainable loss of money and/or property and/or value. The unfair and deceptive trade practices committed by Nyko were conducted in a manner giving rise to substantial aggravating circumstances.

6.      Had Plaintiff and other Class members known about the Docking Kit Defect at the time of purchase, they would not have bought the Nyko Portable Docking Kits for Nintendo Switch, or would have paid substantially less for the devices.

7.      As a result of the Docking Kit Defect and the monetary costs associated with attempting to repair the Portable Docking Kits and/or Nintendo Switch game consoles, Plaintiff and the Class members have suffered injury in fact, incurred damages, and otherwise have been harmed by Nyko's conduct.

---

[2] Resolved at *Coles v. Nyko Technologies, Inc.,* Case No. 2:07-cv-02977-FMC-RCx, 2008 WL 11343117 (August 11, 2008).
[3] The lawsuit is now settled, after a redesign of the Kama.

8.      Accordingly, Plaintiff brings this action to redress Nyko's violations of California consumer fraud statutes, Florida Deceptive and Unfair Trade Practices Act, fraud, negligent misrepresentation, breach of implied warranty, unjust enrichment, and for violations of the federal Magnuson-Moss Warranty Act and California's Song-Beverly Consumer Warranty Act.

## THE PARTIES

9.      Plaintiff Michael Skiathitis is a resident of Florida. In 2017, Plaintiff Skiathitis purchased a Nyko Portable Docking Kit for Nintendo Switch, Model No. 8226, from a Walmart store located in Jacksonville, Florida to use in connecting his Nintendo game console to a TV and to charge the game console. Upon placing his Nintendo Switch game system on the Nyko Portable Docking Kit, Plaintiff Skiathitis received an error code, the two systems failed to connect and the Switch became inoperable due to the Docking Kit Defect. Plaintiff Skiathitis contacted Nyko.  Nyko failed to provide Plaintiff Skiathitis relief for the damage caused by the Docking Kit Defect. Plaintiff Skiathitis then contacted Nintendo which advised him that his gaming system was out of warranty but that it could be repaired for $99.99.  On or about April 12, 2018, Plaintiff Skiathitis mailed his Switch gaming system to Nintendo for repair and advised Nyko of that fact. As of the date of this Complaint, Plaintiff Skiathitis is still waiting for its return.

10.     Nyko advised Plaintiff Skiathitis that it does not have the ability to recover his saved data from the Switch .

11.     Defendant Nyko Technologies, Inc. ("Nyko") is a private independent California corporation formed under the laws of California in 1996 with its principal place of business located at 10940 Wilshire Boulevard, Suite 2100, Los Angeles, California. 90024. Per its website, Nyko "develops, manufactures and markets innovative peripherals to enhance gaming and the digital lifestyle. The company's mission is to deliver products that solve problems and improve user experience for work and play."[4]

---

[4] https://nyko.com/pages/about-us (last visited April 16, 2018).

1

12.     Further, Nyko's website indicates that it "specializes in interactive entertainment, computing, consumer electronics, portable audio, as well as online and wireless technologies. The company has distribution through major U.S. and Canadian retailers, along with distributors worldwide."[5]

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interest and costs; there are more than 100 putative class members defined below; and there are numerous members of the proposed class, including Plaintiff – a Florida resident -- who are citizens of a state different from Defendant.

14.     This Court has personal jurisdiction over Nyko because its corporate headquarters are located in Los Angeles, California, because it conducts substantial business in the District, and because a substantial part of the acts and omissions complained of occurred in the District. The Court has personal jurisdiction of Nyko because it is authorized to do business in this District and because a substantial part of the acts and omissions complained of occurred in the District.

15.     Venue as to Nyko is proper in this judicial district under 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District. Nyko has its principal place of business in this District, is authorized to conduct business in this District, has intentionally availed itself of the laws and markets within this District, does substantial business in this District, and is subject to personal jurisdiction in this District.

---

[5] *Id.*

Class Action Complaint
Case No. 2:18-cv-3584

## **GENERAL ALLEGATIONS**

**A.    Nyko's Docking Kit Defect**

16.    Nyko designs, develops, markets, and sells several charging bases and docking kits as well as related accessories for various gaming systems, including for gaming systems sold by Microsoft, Nintendo and Sony.

17.    The Nyko Portable Docking Kit for Nintendo Switch, retails on Defendant's website for $49.99,[6] whereas a similar docking kit manufactured by Nintendo retails for approximately $90.[7]

18.    The Nyko Portable Docking Kit for Nintendo Switch operates by translating a USB-C signal into a HDMI signal via a proprietary chip. It also has three USB ports, one of which is a 3.0.

19.    The Portable Docking Kit instructs the Switch to greatly overclock the GPU. Sources such as Digital Foundary believe that the Docking Kit may almost double the GPU power when docked compared to handheld. It also includes upscaling hardware to improve the image quality you see on your TV.

20.    Nyko markets its Portable Docking Kits for Nintendo Switch as superior to the Nintendo-brand docking kit because the Nyko products allow Switch owners to watch their consoles' screens in "TV Mode" while they charge and have a "[s]mall design .. . . ideal for fitting into most travel bags."[8]

21.    Unbeknownst to consumers, the Nyko Portable Docking Kits for Nintendo Switch are prone to causing numerous problems to the devices that they are intended to support because of the Docking Kit Defect, including (1) damage to game consoles; (2) game consoles that permanently stop recharging; (3) game consoles that get stuck in a boot loop; and/or (4) game consoles that go blank and are "bricked" completely.

---

[6] https://nyko.com/collections/products/products/portable-docking-kit-for-nintendo-switch (last visited April 16, 2018).
[7] https://store.nintendo.com/ng3/us/po/browse/productDetailColorSizePicker.jsp?productId=prod880733 (last visited April 16, 2018).
[8] https://nyko.com/products/portable-docking-kit-for-nintendo-switch (last visited April 16, 2018).

3

**B.** **Publicly-Available Complaints from Owners of Nyko's Portable Docking Kit for Nintendo Switch**

22.     Plaintiff's experience is by no means an isolated or outlying occurrence. Indeed, the Internet is replete with examples of consumer complaints on both Defendant's own website and at third-party locations and other websites where individuals have complained of the exact same Docking Kit Defect as the one experienced by Plaintiff.

23.     Nyko has also publicly acknowledged the existence the Docking Kit Defect, for example having told gaming news and opinion website *Kotaku* on or about March 27, 2018 that it is "aware of the issue some Portable Docking Kit owners are facing after updating the firmware on their Nintendo Switch to version 5.0. Though further testing is still required to determine the exact root cause of the problem, we believe it is related to the way the Switch handles AV output for an external TV/monitor while the console is docked on the Portable Docking Kit." Nyko says it is working on a solution and has policies on replacing malfunctioning products.[9]

24.     Other news outlets have published stories about the Nyko Docking Kit Defect, including *TheVerge.com*[10] and *Trusted Reviews.com*.[11]

25.     Third-party websites also contain multiple examples of consumers complaining about the Docking Kit Defect, including the following:

**Consumer No. 1:**

I'm a victim of the Nyko dock killing my Switch's ability to charge and I'm just telling everyone that you need to stop using that dock immediately. Even if you've been using it and it

---

[9] https://kotaku.com/switch-owners-say-third-party-docks-are-bricking-their-1824122777 (last visited April 16, 2018).

[10] https://www.theverge.com/circuitbreaker/2018/3/28/17173308/nintendo-switch-third-party-unlicensed-docks-bricked-consoles ("Don't buy a third-party dock for your Nintendo Switch. There's still too much risk.") (last visited April 16, 2018).

[11] http://www.trustedreviews.com/news/nintendo-switch-third-party-docks-bricking-console-3436583 ("Nintendo Switch docks are bricking consoles again after a recent update") (last visited April 16, 2018).

4

hasn't caused a problem, you are playing with fire by using this dock.

I used it for *months* without issues. The 5.0 update hit and I fortunately applied the update in handheld mode and had no problems. My Switch didn't get bricked. But then the next time I plugged it into the Nyko dock, my Switch suddenly didn't charge and wouldn't switch to docked mode.

It would be bad enough if it ended there, but then my Switch was no longer able to dock with the standard Nintendo dock that came with my Switch either. I found that using a USB cable, I was still able to charge my Switch, but it no longer works with any docks.

Essentially, the Nyko dock physically damaged my Switch such that it is now permanantly a handheld.

And again, this is after using the Nyko dock occassionally without problems for *months*. With the one year warranty on the Switch expiring for a lot of early adopters, I strongly suggest anyone using this dock stop doing so.

I went on Amazon's review page for the Nyko dock and it is review after review reporting the exact same issue. The fact that Nyko is still selling this thing is inexcusable, really.[12]

26.    A Reddit community website entitled "PSA: If You're Using a Third-Party Dock – STOP" contains more than 900 comments, many of which discuss problems with Nyko Docking Systems in particular, including:

**Consumer No. 2:**

Alot of people are reporting their Switches bricked with the Loading Screen of Death.
This includes my own.

So far, all the single connecting thread is the use of a 3rd part dock.

You risk sending your Switch off for repair and having your memory erased.

For those of you who don't know, all the Switches Saved Games are stored internally, with no way to back them up.

If your Switch is sent off to Nintendo for repair there is a 50/50 your memory will be wiped (saved games and all) when returned to you.

---

[12] Posted by Dr. M to the J, PhD on March 27, 2018 at https://kotaku.com/switch-owners-say-third-party-docks-are-bricking-their-1824122777 (last visited April 16, 2018).

5

It's not worth the risk.

Please use a 1st Party Dock.
(At least till Nintendo get's their sh*t together)

I'm not getting paid for this post. I'm just some jacka** who now has to send his Switch into Nintendo HQ because no one told me that 3rd party docks can brick your console (Most reports are from after the 5.0 update)

Good Luck![13]

27.   Purchasers of the Nyko Portable Docking Kits for Nintendo Switch on Amazon.com have given the devices an average rating of 2.0 out of five stars, with 71% of reviewers rating the system one star.  Sample complaints include the following:

**Consumer No. 3:**

**Broke my switch.** This was temporarily useful until it completely broke my switch. Stay away.[14]

**Consumer No. 4:**

**This Stupid Thing Broke My Nintendo Switch.** I Mailed My Switch To Nintendo To Get It Fixed And It Turns Out, The Dock Is The Problem!!! NOW MY SWITCH IS IN THE LOADING SCREEN AND WON'T CHARGE!!!![15]

**Consumer No. 5:**

**Doesn't work, and might even break your Nintendo Switch!** This dock doesn't work at all! When I plugged in both my Switch and my brother's switch, they didn't display on the TV, and most of the time the dock wouldn't even charge our Nintendo Switches. Then, when I plugged each Nintendo Switch back into our original dock, they no longer charged or displayed to the TV!! Then I saw some of the Amazon reviews of the dock causing short-circuiting in their Switch, and I immediately stopped using the Nyko dock. Now I'm going to have to send our Switches to Nintendo for repairs. It goes

---

[13] Posted by StuffHobbes on March 25, 2018 at https://www.reddit.com/r/NintendoSwitch/comments/86wu9t/psa_if_youre_using_a_third_party_dock_s top/ (last visited April 16, 2018).
[14] Posted by Dave Frankel on April 12, 2018 at https://www.amazon.com/Nyko-Portable-Docking-Kit-Nintendo-Switch/product-reviews/B071X7C1B4/ref=cm_cr_arp_d_viewopt_srt?ie=UTF8&filterByStar=critical&reviewerType=a ll_reviews&pageNumber=1&sortBy=recent#reviews-filter-bar (last visited April 16, 2018).
[15] Posted by Vannessa Fernandez on April 8, 2018 at *id.*

6

without saying that I'm returning Nyko's dock, and I'm no longer buying products from Nyko.

--Update 11/16/17---

I'm in the repair process for one of the damaged Nintendo Switches, and Nintendo let me know that the dock also messed up some of my save data, and the only way they can fix the console is by wiping the save data off my Nintendo Switch! That means I'll lose all of my save data for Breath of the Wild, Mario Odyssey, Splatoon 2, and Mario Kart 8. Please, don't risk you're console and save data; DON'T BUY THIS DOCK![16]

28.     As a result of the Docking Kit Defect, Nintendo issued a statement to *Kotaku* on or about March 28, 2018 recommending that Switch owners only buy officially licensed Switch products, adding: "Unlicensed products and accessories do not undergo Nintendo's testing and evaluation process. They might not work at all with our game systems, and they could have compatibility problems with certain games, the Nintendo Switch system itself, and other licensed accessories and peripherals."[17]

29.     Through pre-release testing that Defendant performed to evaluate its Portable Docking Kits for Nintendo Switch, it knew or should have known of the Docking Kit Defect. The Docking Kit Defect is a manufacturing defect that did or should have alerted Defendant to the fact that the Portable Docking Kits for Nintendo Switch cause: (1) damage to game consoles; (2) game consoles that permanently stop recharging; (3) game consoles that get stuck in a boot loop; and/or (4) game consoles that go blank and are bricked completely.

30.     Upon information and belief, Defendant, through (1) its own records of customers' complaints, (2) its own pre-release testing, (3) warranty and post-warranty claims, and (4) other various sources, was well aware of the Docking Kit Defect but

---

[16]Posted by Rainbowflowers on Nov. 10, 2017 (and updated Nov. 16, 2017) at https://www.amazon.com/gp/customer-reviews/R1H3JOMAMD70LB/ref=cm_cr_arp_d_viewpnt?ie=UTF8&ASIN=B071X7C1B4#R1H3JOMAMD70LB (last visited April 16, 2018).
[17] https://kotaku.com/switch-owners-say-third-party-docks-are-bricking-their-1824122777 (last visited April 16, 2018).

failed to notify consumers of the nature and extent of the problems with the Docking Kits or to provide any adequate remedy.

31.     In many instances, consumers have incurred and will continue to incur expenses for the diagnosis and repair of either the Nyko Portable Docking Kit for Nintendo Switch and/or the Nintendo Switch devices themselves.

32.     Consumers were without access to the information concealed by Nyko as described herein, and therefore reasonably relied on Nyko's representations and warranties regarding the quality, durability, and other material characteristics of the Portable Docking Kits for Nintendo Switch. Had consumers known of the Docking Kit Defect, they would have paid less for their devices than the amounts they actually paid, or would not have purchased the devices at all.

## C.  Nyko's 90-Day Warranty Period is Unconscionable

33.     Nyko offers the following 90-day warranty when a consumer purchases a Portable Docking Kits for Nintendo Switch:

> This Nyko product is warranted to the original purchaser for the product's normal intended use for a period of ninety (90) days from the date of purchase. If a defect covered under this warranty occurs, Nyko will replace or repair the product or its defective parts, at Nyko's option, at no charge. This warranty does not apply to defects resulting from misuse or modification of the product. The product should be returned with proof of purchase, a brief statement of the claimed defect, and the purchaser's contact information, to:
>
> Nyko Technologies, Inc, 1990 Westwood Blvd, 3rd Floor, Los Angeles, CA 90025, with freight charges prepaid.
>
>
> Please allow 3-4 weeks for processing.
>
> ### Refund/Return Policy
>
> Original sales receipt must accompany returns.
>
> We accept returns for exchange or refund 30 calendar days after delivery of the product with proof of purchase. At our sole discretion after 30 calendar days, we will offer an exchange only. Items must be in "like new, unaltered condition". Definition of like new, unaltered condition is:

8

- without showing signs of damage or abuse in any way
- within 30 calendar days of the delivery date (after 30 days no returns are allowed, only exchanges)
- must not be a special order or a custom order
- unless noted that it cannot be returned or has a different return policy time period other than that 30 days noted in that item's particular item description.

If an item is received damaged or is incorrectly shipped by us please contact Customer Support immediately. Items that are defective and shipped from us or items that you did not order, but received from us will qualify for store credit or a cash refund.

Refunds are contingent upon inspection of item(s) once we receive it and proof of purchase from the Nyko Online Store.

Again you MUST contact us within 30 days if you intend to return ANY item back to our store. Items returned to us AFTER 30 days and WITHOUT contacting us or WITHOUT proof of purchase will NOT be refunded.

Customer is responsible for all shipping costs if seller is not at fault.[18]

34.   As stated above, there is ample evidence that Defendant has been aware of the Docking Kit Defect from widespread complaints.

35.   Consumers reasonably expect that the Portable Docking Kits will remain operable until, at the very least, the game consoles that they support cease working or become obsolete due the release of the next generation of consoles.

36.   As such, Nyko's 90-day express warranty is both substantively and procedurally unconscionable. Consumers did not have the ability to negotiate the terms or length of the express warranty and Nyko concealed the Docking Kit Defect from the Plaintiff and the Class members, including continually after Nyko's internal warranty claims showed a large number of Docking Kit Defect complaints both during and shortly after Nyko's express warranty period. Upon information and belief, Nyko knew of and concealed the Docking Kit Defect before these events, including at the time of sale.

---

[18] https://nyko.com/pages/warranty-return-policy (last visited April 16, 2018).

Class Action Complaint
Case No. 2:18-cv-3584

## APPLICATION OF CALIFORNIA LAW

37.     A substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District, making it appropriate to apply California's substantive laws to all consumers throughout the United States. California is where Defendant is incorporated and conducts its business activities, and also the location where a number of the class members bought the Nyko Portable Docking Kit for Nintendo Switch and where many of the Defects occurred, causing injuries to members of the Class. Defendant also actively advertises and markets its Portable Docking Kits for Nintendo Switch in the California market and the market provides a significant share of corporate income for Nyko. By availing itself of the California market and aggressively marketing to California customers, Nyko is or should be aware that California's substantive law would apply to any proceeding addressing injuries related to the Nyko Portable Docking Kits for Nintendo Switch. Copies of this Complaint will be served on the Attorney General for the state of California and all those required by the law pursuant to California statutes.

## TOLLING OF STATUTES OF LIMITATIONS

38.     Any applicable statute(s) of limitations have been tolled by Nyko's knowing and active concealment and denial of the facts alleged herein.  Plaintiff and the members of the Class could not have reasonably discovered the true, latent nature of the Defect until shortly before this class action litigation was commenced.

39.     Nyko was and remains under a continuing duty to disclose to Plaintiff and the members of the Class the true character, quality and nature of its Portable Docking Kits for Nintendo Switch and that the Defect results from a poor design and/or failures in the manufacturing process, will require costly repairs, and damage to consumers' video game consoles, in addition to causing Class members to pay out-of-pocket costs to repair their docking kits and/or gaming consoles. As a result of Nyko's active concealment, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this suit as a class action on behalf of himself and on behalf of all others similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the Classes consist of each of the following:

**National Class:**

All persons or entities in the United States that purchased a Nyko Portable Docking Kit for Nintendo Switch.

Or, in the alternative,

**California Class:**

All persons or entities in California that purchased a Nyko Portable Docking Kit for Nintendo Switch for primarily personal, family or household purposes, as defined by California Civil Code § 1791(a).

**Florida Class:**

All persons or entities in Florida that purchased a Nyko Portable Docking Kit for Nintendo Switch.

41.     Together, the Nationwide Class, California Class and Florida Class will be referred to collectively as the "Class."  Excluded from the Class are Nyko, its affiliates, employees, officers and directors, persons or entities that purchased the Nyko Portable Docking Kits for Nintendo Switch for purposes of resale, and the Judge(s) assigned to this case. Plaintiff reserves the right to modify, change or expand the Class definition after conducting discovery.

42.     ***Numerosity:*** Members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members remains unknown at this time, upon information and belief, there are hundreds of thousands of putative Class members throughout the United States who are generally ascertainable by appropriate discovery.

11

43.     **Commonality:** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

a. Whether the Nyko Portable Docking Kits for Nintendo Switch suffer from the Docking Kit Defect;

b. Whether Defendant engaged in the conduct alleged herein;

c. Whether Defendant designed, manufactured, marketed, distributed, sold or otherwise placed the Nyko Portable Docking Kits for Nintendo Switch into the stream of commerce in the United States knowing that the devices suffered from the Docking Kit Defect;

d. When Defendant first learned of the existence of the Docking Kit Defect;

e. Whether Defendant intentionally concealed the Docking Kit Defect in the Nyko Portable Docking Kits for Nintendo Switch from consumers;

f. Whether Nyko's 90-day warranty for its Portable Docking Kits for Nintendo Switch is unconscionable;

g. Whether Defendant violated the California Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*) through the conduct described herein;

h. Whether Defendant violated the California Unfair Competition Laws (Cal. Bus. & Prof. Code §§ 17200 *et seq.*) through the conduct described herein;

i. Whether Defendant violated the California False Advertising Law (Cal. Bus. & Prof. Code §§ 17500 *et seq.*) through the conduct described herein;

j. Whether Defendant violated the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. §§ 501.201 *et seq.)* through the conduct described herein;

k. Whether Defendant engaged in common law fraud through the conduct described herein, and whether Plaintiff and the other Class members have been harmed by such fraud;

l.  Whether Defendant engaged in negligent misrepresentation through the conduct described herein;

m.  Whether Defendant was unjustly enriched by its deceptive practices;

n.  Whether Defendant breached the express terms of its contracts with purchasers when it marketed and sold the Nyko Portable Docking Kits for Nintendo Switch containing the Docking Kit Defect;

o.  Whether Defendant breached the implied warranty of merchantability with purchasers when it marketed and sold the Nyko Portable Docking Kits for Nintendo Switch containing the Docking Kit Defect;

p.  Whether Defendant breached the written warranty under the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301, *et seq.*);

q.  Whether Defendant breached the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790); and

r.  Whether Plaintiff and the Class are entitled to equitable or injunctive relief.

44.  ***Typicality***: Plaintiff's claims are typical of those of the other Class members because, *inter alia*, all members of the Class were injured through the common misconduct described above and were subject to Defendant's unfair and unlawful conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Class.

45.  ***Adequacy of Representation:*** Plaintiff will fairly and adequately represent and protect the interests of the Class in that he has no disabling conflicts of interest that would be antagonistic to those of the other members of the Class. Plaintiff seeks no relief that is antagonistic or adverse to the members of the Class and the infringement of the rights and the damages they have suffered are typical of other Class members. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.

46.  ***Superiority:***  The class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all

13

other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class members, who could not individually afford to litigate a complex claim against large corporate defendants. Further, even for those Class members who could afford to litigate such a claim, it would still be economically impractical.

47.     The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged because Defendant would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Class member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff were exposed is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

48.     Plaintiff reserves the right to modify or amend the definition of the proposed class and subclasses before the Court determines whether certification is appropriate and as the parties engage in discovery.

49.     The class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

50.     Individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the

14

Class are likely in the millions of dollars, the individual damages incurred by each Member resulting from Defendant's wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual Class members do not have a significant interest in individually controlling the prosecution of separate actions, and the individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. A class action in this matter will avoid case management difficulties and provide multiple benefits, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of each Class member, all by way of the comprehensive and efficient supervision of the litigation by a single court.

51.     Notice of a certified class action and of any result or resolution of the litigation can be provided to Class members by first-class mail, email, or publication, or such other methods of notice as deemed appropriate by the Court.

52.     Plaintiff does not anticipate any difficulty in the management of this litigation.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT ("CLRA")

### (Cal. Civ. Code §§ 1750 *et seq.*)

### (On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California Class)

53.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

15

54.     Defendant is a "person" as that term is defined in California Civil Code § 1761(c).

55.     Plaintiff and the Class are "consumers" as that term is defined in California Civil Code § 1761(d).

56.     Defendant engaged in unfair and deceptive acts in violation of the CLRA by the practices described above, and by knowingly and intentionally concealing from Plaintiff and Class members that the Nyko Portable Docking Kits for Nintendo Switch are defective. These acts and practices violate, at a minimum, the following sections of the CLRA:

> (a)(2) Misrepresenting the source, sponsorship, approval or certification of goods or services;
>
> (a)(5) Representing that goods or services have sponsorships, characteristics, uses, benefits or quantities which they do not have, or that a person has a sponsorship, approval, status, affiliation or connection which he or she does not have;
>
> (a)(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and
>
> (a)(9) Advertising goods and services with the intent not to sell them as advertised.

57.     Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business and were capable of deceiving a substantial portion of the purchasing public.

58.     Defendant knew that the Nyko Portable Docking Kits for Nintendo Switch were defective, prone to failing for their essential purpose, and would become useless as a result of reasonable and foreseeable use by consumers.

16

59.     Defendant was under a duty to Plaintiff and the Class members to disclose the defective nature of the Nyko Portable Docking Kits for Nintendo Switch because:

a.     Defendant was in a superior position to know the true state of facts about the Docking Kit Defect in the Nyko Portable Docking Kits for Nintendo Switch;

b.     Plaintiff and the Class members could not reasonably have been expected to learn or discover that the Nyko Portable Docking Kits for Nintendo Switch were defective and not in accordance with Defendant's advertisements and representations;

c.     Defendant knew that Plaintiff and the Class members could not reasonably have been expected to learn or discover the Docking Kit Defect in the Nyko Portable Docking Kits for Nintendo Switch; and

d.     Defendant actively concealed and failed to disclose the Docking Kit Defect from Plaintiff and the Class.

60.     In failing to disclose the Docking Kit Defect at the time of sale, Defendant has knowingly and intentionally concealed material facts and breached their duty not to do so.

61.     The facts concealed or not disclosed by Defendant to Plaintiff and the Class members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase Defendant's Portable Docking Kits for Nintendo Switch or to pay a lesser price. Had Plaintiff and the Class known about the Docking Kit Defect in the devices, they would not have purchased the devices or would have paid less for them.

62.     Plaintiff has provided Defendant with notice of its violations of the CLRA pursuant to California Civil Code § 1782(a) and only seeks injunctive relief under the CLRA at this time. Plaintiff will amend this complaint to seek monetary damages under the CLRA at the conclusion of the 30 day notice period.

17

63.     Plaintiff and the other Class members' injuries were proximately caused by Nyko's fraudulent and deceptive business practices.

64.     Therefore, Plaintiff and the other Class members are entitled to equitable relief under the CLRA.

**SECOND CLAIM FOR RELIEF**

**VIOLATIONS OF CALIFORNIA UNFAIR COMPETITION LAWS**

**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

**(On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California Class)**

65.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

66.     The California Unfair Competition Law ("UCL") prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

67.     Defendant has engaged in unfair competition and unfair, unlawful, or fraudulent business practices by the conduct, statements, and omissions described above, and by knowingly and intentionally concealing from Plaintiff and the Class members the Docking Kit Defect (and the costs and diminished value of the Nyko Portable Docking Kits for Nintendo Switch as well as consumers' game consoles as a result of Defendant's conduct). Defendant should have disclosed this information because they were in a superior position to know the true facts related to the Docking Kit Defect, and Plaintiff and Class members could not reasonably be expected to learn or discover the true facts related to the Docking Kit Defect.

68.     These acts and practices have deceived Plaintiff and are likely to deceive the public. In failing to disclose the Docking Kit Defect and suppressing other material facts from Plaintiff and the Class members, Defendant breached its duties to disclose these facts, violated the UCL, and caused injuries to Plaintiff and the Class members. The omissions and acts of concealment by Defendant pertained to information that was

18

material to Plaintiff and the Class members, as it would have been to all reasonable consumers.

69.     The injuries suffered by Plaintiff and the Class members are greatly outweighed by any potential countervailing benefit to consumers or to competition, nor are they injuries that Plaintiff and the Class members should have reasonably avoided.

70.     Defendant's acts and practices are unlawful because they violate California Civil Code §§ 1668, 1709, 1710, and 1750 *et seq.*, and California Commercial Code § 2313.

71.     Plaintiff seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices by Defendant, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under California Business & Professions Code § 17200.

### THIRD CLAIM FOR RELIEF

**VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW**

**(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

**(On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California Class)**

72.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

73.     California Business & Professions Code § 17500 states: "It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

19

74.     Defendant caused to be made or disseminated throughout California and the United States, through advertising, marketing, and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendant, to be untrue and misleading to consumers, including Plaintiff and the other Class members.

75.     Defendant has violated section 17500 because the misrepresentations and omissions regarding the functionality of their Portable Docking Kits for Nintendo Switch, as set forth in this Complaint, were material and likely to deceive a reasonable consumer.

76.     Plaintiff and the other Class members have suffered an injury in fact, including the loss of money or property, as a result of Defendant's unfair, unlawful, and/or deceptive practices. In purchasing the Nyko Portable Docking Kits for Nintendo Switch, Plaintiff and the other Class members relied on the misrepresentations and/or omissions of Defendant with respect to the reliability of the devices. Defendant's representations were untrue because the devices were manufactured and sold with the Docking Kit Defect. Had Plaintiff and the other Class members known this, they would not have purchased their Nyko Portable Docking Kits for Nintendo Switch and/or not paid as much for them. Accordingly, Plaintiff and the other Class members overpaid for the devices and did not receive the benefit of their bargain.

77.     All of the wrongful conduct alleged herein occurred in the conduct of Defendant's business.

78.     Plaintiff, individually and on behalf of the other Class members, requests that this Court enter such orders or judgments as may be necessary to restore to Plaintiff and the other Class members any money Defendant acquired by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief set forth below.

**FOURTH CLAIM FOR RELIEF**

**VIOLATIONS OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES**

**(Fla. Stat. §§ 501.201 *et seq.*)**

**(On Behalf of the Florida Class)**

79.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

80.    Plaintiff brings this cause of action on behalf of himself and on behalf of the members of the Florida Class against Defendant.

81.    The Florida Deceptive and Unfair Trade Practices Act (FDUTPA) prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce. . . ." Fla. Stat. § 501.204.

82.    Defendant has engaged in unfair competition and unfair or deceptive business practices by the conduct described above, and by knowingly and intentionally concealing from Plaintiff and Class members the fact that the Nyko Portable Docking Kits for Nintendo Switch contained the Docking Kit Defect. Defendant should have disclosed this information because it was in a superior position to know the true facts related to the quality of its Portable Docking Kits, and Plaintiff and Class members could not reasonably be expected to learn or discover this defect on their own until it manifested itself in their Docking Kits and/or Nintendo Switch game consoles.

83.    These unfair methods of competition and unfair and deceptive acts have caused injuries to Plaintiff and members of the Class.

21

## FIFTH CLAIM FOR RELIEF

### COMMON LAW FRAUD

**(On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California and/or Florida Class[es])**

84.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

85.     The misrepresentations, nondisclosure, and/or concealment of material facts made by Defendant to Plaintiff and the Class members, as set forth above, were known, or through reasonable care should have been known, by Defendant to be false and material and were intended to mislead Plaintiff and the Class members.

86.     Plaintiff and the Class members were actually misled and deceived and were induced by Defendant to purchase the Nyko Portable Docking Kits for Nintendo Switch which they would not otherwise have purchased, or for which they would have paid substantially less.

87.     As a result of Defendant's conduct, Plaintiff and the Class members have been damaged in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

### NEGLIGENT MISREPRESENTATION

**(On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California and/or Florida Class[es])**

88.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

89.     Defendant had a duty to provide honest and accurate information to its customers so that customers could make informed decisions on the substantial purchase of a docking kit system to support their game consoles.

90.     Defendant specifically and expressly misrepresented material facts to Plaintiff and Class members, as discussed above.

22

91.     Defendant knew, or in the exercise of reasonable diligence, should have known, that the ordinary and reasonable consumer would be misled by its misleading and deceptive advertisements.

92.     Plaintiff and the Class members justifiably relied on Defendant's misrepresentations and have been damaged thereby in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

### UNJUST ENRICHMENT

### (On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California and/or Florida Class[es])

93.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

94.     Plaintiff and the Class members conferred a benefit on Defendant by purchasing the Nyko Portable Docking Kits for Nintendo Switch.

95.     Defendant had knowledge that this benefit was conferred upon it.

96.     Because of their wrongful acts and omissions, Defendant charged a higher price for the Portable Docking Kits for Nintendo Switch than the devices' true value and Defendant obtained money which rightfully belongs to Plaintiff and the Class members.

97.     Defendant has been unjustly enriched at the expense of Plaintiff and the Class and its retention of this benefit under the circumstances would be inequitable.

98.     Plaintiff seeks an order requiring Defendant to make restitution to him and the other members of the Class.

## EIGHTH CLAIM FOR RELIEF

### BREACH OF EXPRESS WARRANTY

### (On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California and/or Florida Class[es])

99.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

23

100.    Defendant provided Plaintiff and the Class members with the following express warranty: "This Nyko product is warranted to the original purchaser for the product's normal intended use for a period of ninety (90) days from the date of purchase. If a defect covered under this warranty occurs, Nyko will replace or repair the product or its defective parts, at Nyko's option, at no charge. This warranty does not apply to defects resulting from misuse or modification of the product. . . . "

101.    The above express warranty became part of the basis of the bargain between Plaintiff and the Class members and Defendant.

102.    Plaintiff and some of the Class members presented their Portable Docking Kits for Nintendo Switch for repairs after the Docking Kit Defect manifested. Nyko, however, declined to remedy the Docking Kit Defect in Plaintiff's and the Class members' Portable Docking Kits for Nintendo Switch and thereby breached its express warranties with Plaintiff and the Class members.

103.    Plaintiff and the Class members notified Nyko of the breaches within a reasonable time, and/or were not required to do so because affording Nyko a reasonable opportunity to cure its breach of written warranty would have been futile. Nyko also knew of the defect and yet has chosen to conceal it and fail to comply with its warranty obligations.

104.    The Docking Kit Defect is a defect as defined by Nyko's express warranty.

105.    As a direct and proximate cause of Nyko's breach, Plaintiff and the Class members bought Portable Docking Kits for Nintendo Switch that they otherwise would not have, overpaid for their devices, did not receive the benefit of their bargain, and their devices suffered a diminution in value. Plaintiff and the Class members have also incurred and will continue to incur costs for replacement devices and/or damage to their Nintendo game consoles.

106.    As alleged above, the terms of Nyko's express warranty are both substantively and procedurally unconscionable. Nyko's attempt to disclaim or limit these express warranties vis-à-vis consumers is unconscionable and unenforceable under the

24

circumstances here. Specifically, its warranty limitation is unenforceable because it knowingly sold a defective product without informing consumers about the defect.

107.    The time limits contained in Nyko's warranty period were also unconscionable and inadequate to protect Plaintiff and the Class members. Among other things, Plaintiff and Class members had no meaningful choice in determining these time limitations the terms of which unreasonably favored Nyko. A gross disparity in bargaining power existed between Nyko and Plaintiff and the Class members, and Nyko knew or should have known that the devices were defective at the time of sale and would fail well before the end of their useful lives.

108.    Plaintiff and Class members have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Nyko's conduct described herein.

109.    Plaintiff and the Class members are entitled to legal and equitable relief against Nyko, including damages, consequential damages, specific performance, attorney fees, costs of suit, and other relief as appropriate.

## NINTH CLAIM FOR RELIEF
## BREACH OF IMPLIED WARRANTY
### (On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California and/or Florida Class[es])

110.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

111.    Nyko provided Plaintiff and the Class members with an implied warranty that the devices and any parts thereof are merchantable and fit for the ordinary purposes for which they were sold. However, the Portable Docking Kits for Nintendo Switch are not fit for their ordinary purpose as a charging system for Nintendo Switch game consoles because they suffer from the Docking Kit Defect described herein.

112.    Nyko impliedly warranted that the Portable Docking Kits for Nintendo Switch were of merchantable quality and fit for such use. This implied warranty included,

among other things, a warranty that the devices were reliable and would not experience premature failure when consumers used them in a reasonable and foreseeable manner.

113. Contrary to the applicable implied warranties, the Portable Docking Kits for Nintendo Switch at the time of sale and thereafter were not fit for their ordinary and intended purpose of providing Plaintiff and the Class members with reliable charging of their Nintendo Switch game consoles.

114. Nyko's actions, as complained of herein, breached the implied warranty that the Portable Docking Kits for Nintendo Switch were of merchantable quality and fit for such use.

## TENTH CLAIM FOR RELIEF

### VIOLATIONS OF THE MAGNUSON-MOSS WARRANTY ACT
### (15 U.S.C. §§ 2301, *et seq.*)
### (On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California and/or Florida Class[es])

115. Plaintiff incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

116. Congress enacted the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*, in response to widespread consumer complaints regarding misleading and deceptive warranties. The Act imposes civil liability on any "warrantor" for failing to comply with any obligation under written and implied warranties. 15 U.S.C. § 2310(d)(1).

117. The Portable Docking Kits for Nintendo Switch are consumer products as defined by 15 U.S.C. § 2301(1).

118. Plaintiff and the Class members are "consumers" as defined by 15 U.S.C. § 2301(3).

119. Nyko is a warrantor and supplier as defined by 15 U.S.C. § 2301(4) and (5).

120. Nyko has failed to remedy the Docking Kit Defect, despite its knowledge and notice of said defect in the Portable Docking Kits for Nintendo Switch.

26

121.    Nyko expressly warranted that its Portable Docking Kits for Nintendo Switch would be free of defects.

122.    At the time Nyko issued written warranties for the Portable Docking Kits for Nintendo Switch, it knew and had notice that the devices had the propensity to cause damage to the Nintendo Switch devices that they supported, including *inter alia,* (1) damage to game consoles; (2) game consoles that permanently stop recharging; (3) game consoles that get stuck in a boot loop; and/or (4) game consoles that go blank and are bricked. Nyko's continued misrepresentations and omissions concerning the Docking Kit Defect, as well as its failure to abide by its own written and implied warranties, are "unfair methods of competition in or affecting commerce, and [are] unfair or deceptive acts or practices in or affecting commerce." Accordingly, its behavior is unlawful under 15 U.S.C. §§ 2310(b), 45(a)(1).

123.    Plaintiff and the Class members seek to recover damages caused as a direct result of Nyko's breach of its written and implied warranties and its deceitful and unlawful conduct. Damages include costs associated with repairing or replacing the Portable Docking Kits for Nintendo Switch with non-defective devices and/or repair or replacement of Nintendo Switch devices damaged by the Docking Kit Defect.

124.    The Magnuson-Moss Warranty Act also provides for "other legal and equitable" relief. 15 U.S.C. § 2310(d)(1). Accordingly, Plaintiff and the Class members seek reformulation of Nyko's written warranty to comport with its obligations under the Act and with consumers' reasonable expectations. Additionally, Plaintiff seeks to enjoin Nyko from acting unlawfully as further alleged, including discouraging Plaintiff to seek all available remedies.

125.    The Magnuson-Moss Warranty Act also provides for an award of costs and expenses, including attorneys' fees, to prevailing consumers in the Court's discretion. 15 U.S.C. § 2310(d)(2). Plaintiff intends to seek such an award as prevailing consumers at the conclusion of the case.

27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ELEVENTH CLAIM FOR RELIEF

## VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT

## (Cal. Civ. Code § 1790)

## (On Behalf of the California Class)

126.   Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

127.   At all relevant times, Nyko was the manufacturer, distributor, warrantor and/or seller of the Portable Docking Kits for Nintendo Switch. Nyko knew or should have known of the specific use for which the devices were purchased.

128.   Nyko provided Plaintiff with an implied warranty that the Portable Docking Kits for Nintendo Switch, and any parts thereof, are merchantable and fit for the ordinary purposes for which they were sold. The devices, however, were not fit for their ordinary purpose because, *inter alia*, the devices suffered from an inherent defect at the time of sale that causes them to not connect the Nintendo Switch game consoles to TVs nor to charge as promised and that further damages those game consoles. As such, the devices were incapable of being used for their intended purpose of charging Nintendo Switch game consoles.

129.   The Portable Docking Kits for Nintendo Switch are not fit for the purpose of use as a TV connector and portable charger for Nintendo Switch game consoles because of the Docking Kit Defect.

130.   Nyko impliedly warranted that the Portable Docking Kits for Nintendo Switch were of merchantable quality and fit for such use. This implied warranty included, *inter alia*, a warranty that the devices were manufactured, supplied, distributed, and/or sold by Nyko were reliable for use as a portable charging device and would not prematurely fail.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of himself and members of the various Classes, respectfully requests that this Court:

28

a.      determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes as defined above;

b.      appoint Plaintiff as the representative of the Class or Classes and his counsel as Class counsel;

c.      award all actual, general, special, incidental, statutory, punitive, and consequential damages and restitution to which Plaintiff and the Class members are entitled, except as to Plaintiff's claim for violation of the CLRA for which Plaintiff seeks only restitution and injunctive relief, pursuant to California Civil Code § 1780, at this time;

d.      award pre-judgment and post-judgment interest on such monetary relief;

e.      grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Defendants to repair, recall, and/or replace the Portable Docking Kits for Nintendo Switch and to extend the applicable warranties to a reasonable period of time, or, at a minimum, to provide Plaintiff and Class members with appropriate curative notice regarding the existence and cause of the Docking Kit Defect;

f.      award reasonable attorneys' fees and costs; and

g.      grant such further relief that this Court deems appropriate.

DATED:  April 27, 2018.              MCCUNE WRIGHT AREVALO, LLP


BY:    */s/ David C. Wright*
         David C. Wright, State Bar No. 177468
         dcw@mccunewright.com
         MCCUNE WRIGHT AREVALO LLP
         3281 Guasti Road, Suite 100
         Ontario, California  91761
         Telephone: (909) 557-1250
         Facsimile: (909) 557-1275

         Joseph G. Sauder
         Matthew D. Schelkopf
         Joseph B. Kenney
         SAUDER SCHELKOPF LLC
         555 Lancaster Avenue

29

Berwyn, PA 19312
Telephone: (610) 200-0580
jgs@sstriallawyers.com
mds@sstriallawyers.com
jbk@sstriallawyers.com

*Attorneys for Plaintiff and the Putative Class*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED:  April 27, 2018.          McCune Wright Arevalo, LLP


BY:   */s/ David C. Wright*
      David C. Wright, State Bar No. 177468